UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JUANEL ANTHONY MIKULAK, | Case No. 19-CV-0035 (DSD/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAKOTA COUNTY JAIL; OFFICE OF THE DAKOTA COUNTY SHERIFF; and TIM LESLIE, | |
| Respondents. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Juanel Anthony Mikulak's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Docket No. 1], as well as, Petitioner's Application to Proceed in forma pauperis. [Docket No. 2].

Petitioner Juanel Anthony Mikulak is currently detained at the Dakota County Jail awaiting trial on domestic-assault charges. (See, Petition, [Docket No. 1], at 1). Mikulak now presents this Court with a petition for a writ of habeas corpus challenging the legality of that prosecution, alleging that the ongoing criminal process violates "The Peace and Friendship Treaty of 1787 and 1836," the "Universal Declaration of Human Rights," and the "Rights of Indigenous People." (See, Petition, [Docket No. 1], at 5, 7). Mikulak also asserts that he is innocent until proven guilty beyond a reasonable doubt. The habeas petition is now before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

1

States District Courts.[1]   Based on that review, this Court recommends dismissal of the Petition without prejudice for failure to exhaust available state remedies.

The general federal habeas corpus statute, 28 U.S.C. § 2241, does not include an express exhaustion requirement. In the interests of comity, though, federal courts have long required state detainees proceeding under § 2241 to exhaust available state-court remedies before seeking habeas corpus relief. See, e.g., Sacco v. Falke, 649 F.2d 634, 636–37 (8th Cir. 1981). "Ordinarily, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review." Politano v. Miller, No. 08-cv-0238 (PJS/FLN), 2008 WL 906300, at *3 (D. Minn. Mar. 31, 2008) (collecting cases). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction . . . ." Sacco, 649 F.2d at 636 (citing Wingo v. Ciccone, 507 F.2d 354 (8th Cir. 1974)).

As already mentioned, Mikulak's criminal prosecution remains ongoing in state court. Not unless the claims raised in Mikulak's petition demonstrate "extraordinary circumstances" should those claims be considered by the Court at this time. Id. Such "extraordinary circumstances" have chiefly been limited to double-jeopardy claims, see, Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992), and speedy-trial violations, see, Fuller v. Minnesota, No. 17-cv-0898 (PJS/TNL), 2017 WL 5198156, at *3–4 (D. Minn. Sept. 29, 2017) (collecting cases), though plausible allegations of bad-faith prosecution may also suffice. See, Perez v. Ledesma, 401 U.S. 82, 85 (1971). None of these claims—and indeed, no other such extraordinary

---

[1] Mikulak is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). Thus, his petition cannot be brought pursuant to § 2254. That being said, however, the Rules Governing Section 2254 Cases are nevertheless applied to Mikulak's habeas petition. See, Rule 1(b).

circumstance—can plausibly be inferred from Mikulak's petition.[2] If Mikulak is correct that treaty obligations or other sources of international law cause his prosecution for domestic assault to be unlawful, nothing prevents him from raising those claims in the state courts. If those arguments are rejected by the state courts (at each level of review), then Mikulak may return to federal court and seek habeas corpus relief. In the meantime, however, comity requires non-interference with the ongoing prosecution. See, e.g., Sacco v. Falke, 649 F.2d 634, 636–37 (8th Cir. 1981).

Therefore, it is recommended that Mikulak's petition for a writ of habeas corpus, [Docket No. 1], be dismissed without prejudice. Accordingly, it is also recommended that Mikulak's Application to Proceed in forma pauperis be denied as moot.

The Court notes that one additional matter merit further comment.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); accord Evans v. Circuit Ct. of Cook County, Illinois, 569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus."). A certificate of appealability ("COA") cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court finds that Mikulak has not made the necessary showing, and it is doubtful that any other court, including the Eighth Circuit Court of

---

[2] This Court notes that Mikulak's claims are entirely conclusory. The state prosecution is alleged to violate treaties and other sources of international law, but never is Mikulak specific as to how the prosecution is made unlawful by those provisions.

3

Appeals, would resolve Mikulak's petition differently than is being recommended here. It is therefore recommended that Mikulak not be granted a COA.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of petitioner Juanel Anthony Mikulak, [Docket No. 1], be **DISMISSED WITHOUT PREJUDICE**.

2. Mikulak's Application to Proceed in forma pauperis, [Docket No. 2], be **DENIED**.

3. No certificate of appealability be issued.

Dated: February 5, 2019        s/Leo I. Brisbois
                               Leo I. Brisbois
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).