```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 19-35(DSD/LIB)
```

Juanel Anthony Mikulak,

      Petitioner,

v.                                                     **ORDER**

Dakota County Jail; Office of
Dakota County Sheriff; and
Tim Leslie,

      Respondents.

      This matter is before the court upon pro se petitioner Juanel Anthony Mikulak's objections to the February 5, 2019, report and recommendation (R&R) of Magistrate Judge Leo I. Brisbois and motion for a certificate of appealability. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court adopts the R&R in its entirety and denies the motion for a certificate of appealability.

      The court reviews the R&R de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). After a thorough review of the file and record, the court finds that the R&R is well-reasoned and legally correct.

      The background of Mikulak's habeas petition is fully set forth in the R&R, and the court will not repeat it here. Mikulak is currently charged with domestic violence and is detained at the Dakota County Jail awaiting trial. Mikulak objects to the magistrate judge's recommendation that the court deny his petition for failure to exhaust available state court remedies and not issue

a certificate of appealability.

"As a general rule ... a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state detainee unless he has first exhausted all available state court remedies." 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982). "Ordinarily, a state detainee must await the entry of a final state court judgment in order to satisfy the exhaustion of state remedies requirement and qualify for federal habeas corpus review." Politano v. Miller, No. 08-238, 2008 WL 906300, at *3 (D. Minn. Mar. 31, 2008) (collecting cases). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction." Sacco v. Falke, 649 F.2d 634, 636–37 (8th Cir. 1981).

Extraordinary circumstances have primarily been limited to double-jeopardy claims, see Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992), speedy-trial violations, see Fuller v. Minnesota, No. 17-898, 2017 WL 5198156, at *3–4 (D. Minn. Sept. 29, 2017) (collecting cases), and plausible allegations of bad-faith prosecution. See Perez v. Ledesma, 401 U.S. 82, 85 (1971). None of those circumstances are present here. As a result, Mikulak's petition must be dismissed. Moreover, because Mikulak has not "made a substantial showing of the denial of a constitutional right" his motion for a certificate of appealability must also be

2

denied.  28 U.S.C. § 2253(c)(2).

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Mikulak's objection [ECF No. 12] to the R&R is overruled;

2. The R&R [ECF No. 10] is adopted in its entirety;

3. The motion for a certificate of appealability [ECF No. 13] is denied; and

4. This matter is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 27, 2019

                                              s/David S. Doty          
                                              David S. Doty, Judge
                                              United States District Court